**FILED**

APR 2 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
IN THE MATTER OF THE                )
APPLICATION OF THE UNITED           )
STATES OF AMERICA FOR AN ORDER )
OF NONDISCLOSURE PURSUANT TO    )    Misc. Action No. 14-287
18 U.S.C. § 2705(b) FOR             )
GRAND JURY SUBPOENA                 )
#GJ2014031422709                    )
                                    )
```

## MEMORANDUM OPINION

The government challenges two orders issued by Magistrate Judge John Facciola regarding the government's application for an order under 18 U.S.C. § 2705(b). The first order invited Yahoo!, Inc. ("Yahoo") to intervene as a respondent and file a notice with the court on whether Yahoo intended to be heard on the merits of the government's application. The second order instructed the government to file a public, redacted copy of its application and draft order. Because the express terms of 18 U.S.C. § 2705(b) and applicable legal precedent governing public access to grand jury proceedings and materials do not support the first order inviting Yahoo to intervene or the second order instructing the government to file a public, redacted copy of the non-disclosure application, the orders will be vacated. In addition, because the government has provided facts sufficient to support issuing an order for delayed notice under 18 U.S.C.



§ 2705(b), the government's application for a non-disclosure order will be granted, and the related court records will be sealed under Rule 6(e) of the Federal Rules of Criminal Procedure.

BACKGROUND

On March 20, 2014, the government filed an application and proposed order under 18 U.S.C. § 2705(b) for an order commanding Yahoo not to notify any person of the existence or content of grand jury subpoena #GJ2014031422709 for 90 days or until further court order. The government also moved to seal the application and proposed order under Rule 6(e) of the Federal Rules of Criminal Procedure.

On March 24, 2014, the magistrate judge issued an order inviting Yahoo to intervene as a respondent and file a notice on the public docket indicating whether Yahoo intended to be heard on the merits of the government's application. In addition, the magistrate judge ordered Yahoo not to disclose to any individual outside of Yahoo information regarding the federal grand jury subpoena. A second order, issued by the magistrate judge on the same day, instructed the government to file a public, redacted copy of its application for a non-disclosure order and proposed order.

On March 27, 2014, the government filed what it styled as an appeal from the magistrate judge's two orders regarding the

government's application for an order under 18 U.S.C. § 2705(b).
The government moved to vacate the orders issued by the
magistrate judge and moved for the district court to grant its
application for a nondisclosure order. In addition, the
government moved to seal the appeal and resulting order.

On that same day, Yahoo was ordered not to file during the
pendency of the appeal any notice on the public docket
indicating its intent to be heard on the merits of the
government's nondisclosure application, or any other filing.
The government's motion to seal was also granted.

DISCUSSION

I.  JURISDICTION

The government cites Rule 58(g)(2) of the Federal Rules of
Criminal Procedure as authority for appealing. However, Rule
58(g)(2) pertains to "petty offenses and other misdemeanors."
Fed. R. Crim. P. 58. The grand jury investigation here involves

█████████████████████████████████████████████████ a
felony █████████████████████████████████████████████████

████ Accordingly, Rule 58(g)(2) is inapposite. See, e.g.,
United States v. Bowman, 496 F.3d 685, 691 (D.C. Cir. 2007)
("Rule 58, which is entitled 'Petty Offenses and Other
Misdemeanors,' applies only 'in petty offense and other
misdemeanor cases and on appeal to a district judge in a case
tried by a magistrate judge.'" (quoting Fed. R. Crim. P.

-4-

58(a))). Because federal district courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Commodity Futures Trading Comm'n v. Nahas, 738 F.2d 487, 491-92 (D.C. Cir. 1984), there must be an alternative basis for jurisdiction to review the government's challenge.[1]

Under section 636(b)(3) of the Federal Magistrate Act, 28 U.S.C. §§ 631-639, district courts may assign federal magistrate judges various judicial duties, provided that the assignment does not violate the Constitution or other provision of federal law. 28 U.S.C. § 636(b)(3); see Peretz v. United States, 501 U.S. 923, 924 (1991). Congress adopted subsection (b)(3) to "enable[] the district courts to continue innovative experimentations in the use of th[ese] judicial officer[s]." H.R. Rep. No. 94-1609, at 12 (1976), reprinted in 1976 U.S.C.C.A.N. 6162, 6172. Furthermore, Congress noted that "placing this authorization in an entirely separate subsection

---

[1]    The government styles its challenge as an appeal, but the reference is a misnomer. With the exception of authority granted by Federal Rule of Criminal Procedure 58 concerning misdemeanor proceedings handled by a magistrate judge under 18 U.S.C. § 3401, the district court does not exercise appellate power. See, e.g., United States v. Choi, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) ("The magistrate judge is not an inferior court, and the district court does not stand in an appellate capacity over the magistrate."). For the reasons explained below, the government's appeal will be considered as an objection to the magistrate judge's two orders.

emphasizes that it is not restricted in any way by any other specific grant of authority to magistrates." Id. It has been in accordance in part with § 636(b)(3) that the district court has traditionally assigned to the magistrate judges all of the government's applications for non-disclosure orders.

With respect to the question of jurisdiction, this challenge appears to raise questions of first impression. Both the Federal Rules of Criminal Procedure and the Local Criminal Rules set forth clear procedures for objecting to a magistrate judge's order, or report and recommendation, in pretrial criminal matters referred to magistrate judges by the district court under § 636(b)(1). See Fed. R. Crim P. 59(a), (b)(2); LCrR 59.1(b); LCrR 59.2(b). By contrast, the procedure for objecting to orders issued in cases referred to magistrate judges under § 636(b)(3) is not clearly defined in the Federal Rules of Criminal Procedure or Local Criminal Rules. Furthermore, although under the authority of section 636(b)(3) and Local Criminal Rule 57.17(a)(5), the district court refers to magistrate judges grand jury-related matters such as applications for non-disclosure orders, those provisions make no mention of the standard of review for objections made to magistrate judges' orders.

However, case law discussing subsection (b)(3) does provide some guidance. Existing precedent suggests that "additional

duties" delegated to magistrate judges under subsection (b)(3) remain under the supervision and control of the district court and accordingly, review by district courts of matters referred to magistrate judges under section (b)(3) must be de novo. See Mathews v. Weber, 423 U.S. 261, 273 (1976) (noting that in cases referred to the magistrate judge under subsection (b)(3), the district court judge remains "free to give the magistrate's recommendation whatever weight the judge decides it merits"); In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 289 (4th Cir. 2013) (noting that decisions made by magistrate judges under subsection (b)(3) are subject to de novo review by the district court). Accordingly, the magistrate judge's orders inviting Yahoo to intervene and commanding the government to file a public, redacted copy of the application for non-disclosure will be reviewed de novo.

II. MERITS

   A. Order inviting Yahoo to intervene

   Under 18 U.S.C. § 2703(c), the government may obtain a court order to command a "provider of electronic communication service or remote computing service"[2] to disclose information

---

   [2] Yahoo is an electronic communication service provider in that it "provides to users . . . the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15); see Yahoo Terms of Service, Yahoo!, https://info.yahoo.com/legal/us/yahoo/utos/terms/ ¶¶ 2, 7 (last updated Mar. 16, 2012) [hereinafter Yahoo Terms of Service] (describing Yahoo's

regarding "a subscriber to or customer of such service." 18

U.S.C. § 2703(c)(2). When the government is acting under 18

U.S.C. § 2703, it may apply for a court order "commanding a

provider . . . to whom a warrant, subpoena, or court order is

directed, for such period as the court deems appropriate, not to

notify any other person of the existence of the warrant,

subpoena, or court order." Id. § 2705(b). Upon application by

the government:

> The court shall enter such an order if it determines
> that there is reason to believe that notification of
> the existence of the warrant, subpoena, or court order
> will result in --
>
> > (1) endangering the life or physical safety of an
> > individual;
> > (2) flight from prosecution;
> > (3) destruction of or tampering with evidence;
> > (4) intimidation of potential witnesses; or
> > (5) otherwise seriously jeopardizing an
> > investigation or unduly delaying a trial.

Id.

"As in any statutory construction case, '[w]e start, of

course, with the statutory text,' and proceed from the

understanding that '[u]nless otherwise defined, statutory terms

are generally interpreted in accordance with their ordinary

meaning.'" Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013)

---

services). Yahoo is also a remote computing service because it
provides "to the public . . . computer storage or processing
services by means of an electronic communications system." 18
U.S.C. § 2711(2); see Yahoo Terms of Service ¶ 13 (discussing
Yahoo's general practice regarding the use and storage of
electronic communications).

(quoting BP Am. Prod. Co. v. Burton, 549 U.S. 84, 91 (2006)).
The explicit terms of section 2705(b) make clear that if a
courts finds that there is reason to believe that notifying the
customer or subscriber of the court order or subpoena may lead
to one of the deleterious outcomes listed under § 2705(b), the
court must enter an order commanding a service provider to delay
notice to a customer for a period of time that the court
determines is appropriate.  Once the government makes the
required showing under § 2705(b), the court is required to issue
the non-disclosure order.

The government contends that "Yahoo and other electronic
communication service providers and remote computing service
providers, can offer courts no information relevant or
meaningful to the criteria set forth in § 2705(b)(1)-(5)[.]"
Govt.'s Appeal from Mag. J.'s Order Regarding Govt.'s
Application for Order Pursuant to 18 U.S.C. § 2705(b) at 9.
However, section 2705(b) does not explicitly prohibit a court
from inviting a service provider to intervene and offer
arguments on the merits of the government's non-disclosure
application.  It is conceivable that the service provider may,
in some cases, have access to information that may be relevant
to whether the government has met the required showing under
§ 2705(b).  However, nothing in the record or common experience
reflects that there would be information a service provider

could offer that would assist the court in assessing whether the government has met the statutory showing. It is unlikely that the service provider would be able to offer pertinent information about whether notifying a subscriber or customer about the existence or content of a grand jury subpoena will endanger life or physical safety, or result in flight from prosecution, destruction of, or tampering with, evidence, or intimidation of potential witnesses, or will otherwise seriously jeopardize an ongoing criminal investigation. Because the government controls the scope of the criminal investigation, the government is better equipped to provide information about potential compromises to the ongoing criminal investigation than is the service provider.

In addition, section 2705(b) includes no requirement that the service provider be afforded an opportunity to intervene to be heard on the merits of the government's application for a non-disclosure order prior to the court issuing the non-disclosure order. Rather, the statute provides a separate vehicle for service providers to challenge any court order to disclose account records or other information. Under 18 U.S.C. § 2703, a service provider may move to quash or modify the non-disclosure order only after the court issues the non-disclosure order. See id. § 2703(d) ("A court issuing an order pursuant to this section, on a motion made promptly by the service provider,

may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider."). Accordingly, there is no statutory basis in the record for an order inviting Yahoo to intervene to be heard on the merits of the government's application.[3]

B.  Order to file a redacted copy

"Unlike typical judicial proceedings, grand jury proceedings and related matters operate under a strong presumption of secrecy." In re Sealed Case, 199 F.3d 522, 526 (D.C. Cir. 2000). Rule 6(e)(6) of the Federal Rules of Criminal Procedure provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6); see In re Grand Jury Subpoena, Judith Miller, 438 F.3d 1138, 1139 (D.C. Cir. 2006). The Supreme Court has "consistently . . . recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218 (1979). Historically, the grand jury has

_____

[3]  Nor does the order substantiate that any presumption of public access to court documents overrides Congress' careful crafting of methods and timing for challenging non-public non-disclosure orders about non-public grand jury subpoenas.

-11-

conducted its business outside of the purview of the public.  In re Motions of Dow Jones & Co., 142 F.3d 496, 499 (D.C. Cir. 1998) ("A grand jury is a body that conducts its business in private.  The Framers knew this as well as we do.  'Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.'" (quoting Douglas Oil Co., 441 U.S. at 218-19 n.9)).  Maintaining the confidentiality of grand jury proceedings and records protects the integrity of grand jury investigations.  See, e.g., In re Grand Jury Subpoena, Judith Miller, 493 F.3d 152, 154 (D.C. Cir. 2007) ("Grand jury investigations are conducted in strict secrecy to encourage witnesses to testify 'fully and frankly,' to prevent those about to be indicted from fleeing, and to ensure that 'persons who are accused but exonerated by the grand jury will not be held up to public ridicule.'" (quoting Douglas Oil Co., 441 U.S. at 219)).

It is generally true that there is a presumption of public access to court records.  The First Amendment or the common law provides the legal basis for the public's right of access to court records, depending on the particular court records at issue.  The First Amendment guarantees the public the right to access certain proceedings and records "if such access has historically been available, and serves an important function of monitoring prosecutorial or judicial misconduct."  Washington

Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1991) (citing

Press-Enter. Co. v. Super. Ct., 478 U.S. 1, 8 (1986); Globe

Newspaper Co. v. Super. Ct., 457 U.S. 596, 605-06 (1982)).

Furthermore, common law provides a "strong presumption in favor

of public access to judicial proceedings." EEOC v. Nat'l

Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)

(quoting Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d

1268, 1277 (D.C. Cir. 1991)). Under current D.C. Circuit case

law, the presumption of public access to court records must be

weighed against the privacy interests asserted by the party

opposing public disclosure. The factors the D.C. Circuit

outlined in United States v. Hubbard, 650 F.2d 293, 317-22 (D.C.

Cir. 1980),[4] serve to guide a court in determining whether to

seal court records where there is a common law right of access.

There is neither a First Amendment right nor a common law

right of access to the government's non-disclosure application

and proposed order. As the D.C. Circuit has held, there is no

---

[4]  The Hubbard factors include:

(1) the need for public access to the documents at
issue; (2) the extent of previous public access to the
documents; (3) the fact that someone has objected to
disclosure, and the identity of that person; (4) the
strength of any property and privacy interests
asserted; (5) the possibility of prejudice to those
opposing disclosure; and (6) the purposes for which
the documents were introduced during the judicial
proceedings.

Hubbard, 650 F.2d at 317-22.

First Amendment right of access to grand jury materials,
including "ancillary materials" related to ongoing grand jury
investigations. Judith Miller, 493 F.3d at 154 ("Although
public access plays an important role in other aspects of the
judicial process, 'there is no First Amendment right of access
to grand jury proceedings,' nor do First Amendment protections
extend to ancillary materials dealing with grand jury
matters[.]" (quoting Dow Jones, 142 F.3d at 499)). The court
filings that the government seeks to seal are ex parte
applications and orders relating to an ongoing, confidential,
criminal investigation by a federal grand jury. Therefore, the
government's application and proposed order are protected from
disclosure under Rule 6(e) as ancillary materials related to an
ongoing grand jury investigation, and there is no First
Amendment right of public access to these court records.

Similarly, there is no common law right of access to grand
jury-related materials. See, e.g., In re Sealed Case, 199 F.3d
522, 526 (D.C. Cir. 2000) ("There is a plethora of authority
recognizing that the grand jury context presents an unusual
setting where privacy and secrecy are the norm."); Dow Jones,
142 F.3d at 504 ("Although some have identified a common law
tradition of public access to criminal trials, this never
extended to preindictment, pretrial proceedings involving a
grand jury."). Therefore, although there is a general

presumption of public access to court records under common law, this presumption does not apply to materials related to ongoing, federal grand jury investigations.

C.  Application for Non-Disclosure Order

The government has met the showing required for a court to issue an order for delayed notice under 18 U.S.C. § 2705(b). The government proffered that it is "aware that, absent a court order under 18 U.S.C. § 2705(b)," Yahoo's "practice and policy" is to "notify the subscriber or customer of the existence of the subpoena . . . ." Application for Order Commanding Yahoo!, Inc. Not to Notify Any Person of the Existence of Grand Jury Subpoena ¶ 4. In light of what the government proffers to be Yahoo's existing policy and practice, there is "reason to believe" that notifying the public of the existence of the subpoena and non-disclosure order will result in at least "destruction of or tampering with evidence," or "otherwise seriously jeopardizing an investigation." 18 U.S.C. § 2705(b). Accordingly, the government's application for a non-disclosure order will be granted under § 2705(b).

CONCLUSION

The orders inviting Yahoo to intervene and instructing the government to file a public, redacted copy of the non-disclosure application are not supported by the text of 18 U.S.C.

§ 2705(b), Rule 6(e) of the Federal Rules of Criminal Procedure, or the applicable D.C. Circuit precedent regarding access to grand jury-related materials. Accordingly, the magistrate judge's orders will be vacated. Because the government has met its required showing under § 2705(b), the government's application for a non-disclosure order will be granted, and the government's request to seal the application and resulting order under Rule 6(e)(6) of the Federal Rules of Criminal Procedure will be granted. Separate orders accompany this memorandum opinion.

SIGNED this 28th day of April, 2014.

_____
RICHARD W. ROBERTS
Chief Judge

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk

By_____
Deputy Clerk